Filed 11/15/24  P. v. Williams CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337398 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA077466) |
| v. | |
| JESSE MARLON WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Jesse Marlon Williams appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] former section 1170.95 (now section 1172.6). In March 2020 a jury convicted Williams of attempted willful, deliberate, and premeditated murder and other crimes. In 2023 Williams petitioned for resentencing. The trial court (the judge who heard the trial) appointed counsel for Williams and, after a hearing, denied the petition, finding Williams was ineligible for resentencing because the jury was instructed that Williams could only be found guilty if he had the intent to kill.

Williams appealed, and we appointed counsel. After reviewing the record, Williams's appointed appellate counsel filed a brief that did not identify any arguable issues. After independently reviewing the record and the contentions presented by Williams in his six-page supplemental brief, we have not identified any issue either. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Shooting, Convictions, and Sentencing*

In August 2019 Dynnell Pugh lived with his fiancée, Malkia Hunt, their son, Dynnell, Jr., Hunt's mother, Maranita Porter, Hunt's nieces, Ramaiya and Kamareya, and others.[2] On

---

[1] Further statutory references are to the Penal Code.

[2] We provide a recitation of the facts as stated in *People v. Williams* (Jan. 19, 2022, B307946) [nonpub. opn.] as background and do not rely on the facts for purposes of this appeal. (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 ["the factual summary . . . may not be used to determine a petitioner's

2

August 20 Williams, his girlfriend, and his daughter, Nevaeh, went to Pugh and Hunt's house to speak with Porter about a dispute between Nevaeh and Ramaiya. Porter agreed with Williams that the girls' issue "need[ed] to be squashed." Before Williams left, he told Porter, "I don't want no problems. I got people."

The next day Williams picked up James Jones and drove him to a house where they smoked and played dominoes. Williams showed Jones a video of some "girls jumping" Nevaeh. Williams and his family wanted Ramaiya to have a one-on-one fight with Nevaeh or another girl named Jackie. Jones, Williams, and Marvin (a Black Watts Mafia gang member) drove to Pugh and Hunt's house. Before Jones got out of the car, Williams gave him a gun. According to Jones, Williams told him "any funny shit like, going on like, squeeze on a fool." Jones replied, "[A]lright bro. Alright." Jones felt Williams "low key like threatened" him because Williams was "a god" and Williams and his brothers were "somebody."

At approximately 7:00 p.m. Hunt answered the door and saw five people outside. A woman in the group told Hunt that she wanted Ramaiya to come outside to fight. Hunt responded that Ramaiya was not going to come outside, and Hunt asked the group to leave. Hunt went to the kitchen and told Porter and Pugh about the group outside their house. Pugh looked at his security monitors and saw Jones and a group of four females. He retrieved a gun from his safe and placed it in his right pants

---

eligibility at the prima facie stage"]; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113 [same].)

pocket before walking outside. Jones told Pugh that Ramaiya had gotten into a fist fight with Nevaeh and the group wanted Ramaiya to come outside to fight. Pugh replied there would be no fighting at his home, and he asked them to leave.

A few minutes later, Williams joined the group outside the house. Williams told Pugh that he wanted Ramaiya to come outside and fight either Nevaeh or the other females in the group. Pugh responded that no fight was going to happen, and he repeatedly asked Williams and his group to leave.

During the course of Pugh's conversation with the group, Porter and then Hunt joined Pugh outside the house. When Hunt walked outside, the group asked Pugh who Hunt was, and whether she could fight. Pugh motioned to Hunt and Porter and suggested they all go back inside the house. As Pugh backed away from the group, Jones walked "around to [Pugh's] flank" (Pugh's left side). At this point, Jones pulled out his gun and pointed it at Pugh, and Pugh heard Williams say, "Blow his mother fucking head off." Pugh then pulled out his gun from his pants pocket and pointed it at Jones. Jones shot at Pugh, and Pugh fired back at him. Jones and Williams ran off and left together in Williams's vehicle.

The jury found Williams guilty of the attempted willful, deliberate, and premeditated murder of Pugh (§§ 187, subd. (a), 664; count 1); assault with a firearm on Hunt, Porter, and Pugh (§ 245, subd. (a)(2); counts 2, 3 & 5); and shooting at an inhabited dwelling (§ 246; count 4). As to count 1, the jury found a principal was armed with a firearm (§ 12022, subd. (a)(1)). Williams later admitted he had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12) that were serious felonies within the meaning of section 667, subdivision (a)(1). On

4

September 18, 2020 the trial court sentenced Williams to an aggregate state prison sentence of 106 years to life. We affirmed. (*People v. Williams* (Jan. 19, 2022, B307946) [nonpub. opn.].)

B.     *The Superior Court's Denial of Williams's Petition for Resentencing*

On May 18, 2023 Williams filed a petition for resentencing under former section 1170.95, which, as amended effective January 1, 2022, authorized individuals convicted of felony murder, or of murder, attempted murder, or voluntary manslaughter under the natural and probable consequences doctrine, to petition the superior court for resentencing. In his form petition Williams checked the box indicating he "could not presently be convicted of murder or attempted murder because of changes made to Penal Code [sections] 188 and 189, effective January 1, 2019" and requested the appointment of counsel.

The trial court appointed counsel for Williams. The People argued in their response that "petitioner was not convicted of any form of murder. He was not convicted under the natural and probable consequences doctrine. He was not convicted under any situation where malice was imputed to another person. The petitioner was convicted under a specific intent to kill, and therefore, he is ineligible for relief."

On March 22, 2024 the trial court denied the petition, stating at the hearing that it had reviewed the jury instructions and, as the trial judge who presided over the trial, was "satisfied that the jury was not instructed on any theory of liability that is no longer valid with regard to the attempted murder count or any other count." Further, "the jury was instructed on a straight aiding and abetting theory. They were instructed that the

5

defendant could only be found guilty if he had intent to kill or intent that the perpetrator kill the victim . . . .  There was just nothing about this case that in any way, shape, or form would fall under any of the recently invalidated theories of liability of natural and probable consequences or felony murder under certain circumstances."  Williams timely appealed.

## DISCUSSION

We appointed counsel to represent Williams on appeal from the denial of his petition for resentencing.  After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court.  Appointed counsel advised Williams that she was filing a brief stating she was unable to find any arguable issues and that Smith had a right to file a supplemental brief.  Appointed counsel also sent Williams a copy of the brief, as well as the transcripts of the record on appeal.

On October 22, 2024 we received a six-page, handwritten supplemental brief from Williams.  In his supplemental brief, Williams argued that the prosecution suppressed evidence favorable to Williams in violation of *Brady v. Maryland* (1963) 373 U.S. 83 and the testimony given at trial "was fabricated."  He also urges us to review the evidence at trial and subpoena Jones to testify in Williams's defense.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule.  (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021)

6

11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848.)  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e).  Section 189 requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill aided or assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and "acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)).  (*People v. Curiel* (2023) 15 Cal.5th 433, 448; see *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Strong*, at p. 708; *Gentile*, at pp. 842-843.)

Under section 1172.6, subdivision (a), a defendant convicted of murder may file a resentencing petition when all of the following conditions apply:  (1) the charging document filed against the petitioner allowed the prosecution to proceed under a theory of felony murder or another theory of imputed malice; (2) the petitioner was convicted of murder, attempted murder, or manslaughter following a trial or plea proceeding at which the petitioner could have been convicted of murder or attempted murder; and (3) the "petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Williams's contentions that the prosecution withheld evidence, his conviction was based on fabricated evidence, and the evidence did not support his conviction do not entitle him to

relief because section 1172.6 does not allow a petitioner to raise new arguments that are not based on changes made by Senate Bill 1437. (See *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal"].) Thus, "[t]he mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) Moreover, because the jury was instructed that to find Williams guilty, it had to find "[t]he defendant intended to kill [the victim], or intended that the perpetrator kill that person if the defendant aided and abetted," and the jury was not instructed on the felony murder rule, the natural and probable consequences doctrine, or any theory of imputed malice, Williams has not made a prima facie case that he "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189" made by Senate Bill 1437. (§ 1172.6, subd. (a)(3).)

Because no cognizable legal issues have been raised by Williams's appellate counsel or by Williams or identified in our independent review of the record, the order denying his petition for resentencing is affirmed. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order denying Williams's petition for resentencing is affirmed.


FEUER, J.

We concur:


MARTINEZ, P. J.


STONE, J.